[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET BOND PENDING SENTENCING
Presently before the court is defendant's Motion to Set Bond Pending Sentence filed February 28, 2002. On March 7, 2002 counsel each waived argument. The motion should be denied.
On February 1, 2002, the defendant was found guilty of Assault in the First Degree in violation of § 53a-59 (a)(3) which offense occurred on September 9, 1997.
Defendant's bond was revoked by the court upon conviction pursuant to General Statutes § 54-63f. Since February 1, 2002, defendant has been incarcerated without a court ordered bond.
In pertinent part § 54-63f precludes post-conviction bail for persons convicted of ". . . any offense involving the use . . . of physical force against another person . . . and is either awaiting sentence or has given . . . notice of . . . intention to appeal . . ."
Said statutory provisions apply to the offense on which defendant has been found guilty.
Contrary to defendant's claims, the application of said statutory provisions to defendant's conviction is not retroactive application of said provisions. Defendant was convicted after the effective date of § 54-63f as amended by P.A. 00-200 § 5.
Also, contrary to defendant's claims, the application of said statutory provisions to defendant is not in violation of the separation of powers doctrine.
"A statute will be held unconstitutional on those grounds if: (1) it governs subject matter that not only falls within the judicial power, but also lies exclusively within judicial control; or (2) it significantly interferes with the order by functioning of the Superior Court's judicial role. State v. Campbell, 224 Conn. 168, 177, In re Angel C, 245 C 93, 130-131. CT Page 2675
There is nothing to suggest that said statutory provisions interfere with the orderly functioning of the court; and authority over bail is not within exclusive judicial control. State v. Menillo, 159C, 264, 267;State v. Ayala, 222C 331, 342-46; State v. Gaylord Salters, 200, Conn. Super. Lexis 3034 (unreported); General Statutes Chapter 960.
Accordingly, defendant's motion is denied.
Fracasse, J.